# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | BKY No. 13-50088 |
| ELDON PHILLIP ANDERSON, | Chapter 7 |
| Putative Debtor. | |
| ELDON PHILLIP ANDERSON | Civil No. 13-1366 (JRT) |
| Appellant. | **AMENDED ORDER** |

Eldon P. Anderson, #13673-041, Federal Prison Camp, Post Office Box 1000, Duluth, MN 55814, *1366*.

This matter is before the Court on an appeal from the May 13, 2013 order of Chief United States Bankruptcy Judge Gregory F. Kishel. (Docket No. 2-4 [hereinafter "May Order"].) The petitioning creditor, Eldon Phillip Anderson, filed a notice of appeal on May 21, 2013, but he did not pay the appeal fee or file for *in forma pauperis* status.

The Court will dismiss the appeal for a failure to pay the appeal fee as required by Fed. R. Bankr. P. 8001(a). Although Anderson submitted $5 as required by 28 U.S.C. § 1917 with his notice of appeal, he did not submit the full fee required. *See* 28 U.S.C. § 1930 (requiring in its Miscellaneous Fee Schedule a $293 fee for filing an appeal plus the $5 fee). The Bankruptcy Court notified Anderson in its May Order that his "submission of a notice of appeal must be accompanied by a tender of the full filing fee ($298.00)." (May Order at 3.) After Anderson submitted his appeal without the full filing fee, the bankruptcy court notified him of the missing fee and provided him twenty

days to pay the fee or file a petition to proceed *in forma pauperis*. When Anderson did neither, the appeal was transmitted to this Court.

"If an appellant violates one of the rules of bankruptcy procedure, the district court may dismiss the appeal." *In re Weiss*, 111 F.3d 1159, 1173 (4th Cir. 1997); *see also In re Dahlquist*, 33 B.R. 101, 103 (Bankr. D.S.D. 1983) ("[T]his Court has no choice but to dismiss the instant action because it has not been initiated pursuant to the Bankruptcy Rules . . . ."). Although the Court recognizes that dismissal may seem a harsh result for failure to pay a fee, the Court finds dismissal particularly appropriate in this case because of Anderson's ongoing abuse of the bankruptcy process and lack of good faith. Most notably, Anderson sought relief in the bankruptcy court by claiming to be a creditor when the named debtor is, in fact, the same person.[1] (Bankruptcy Court Order, April 5, 2013, Docket No. 2-1 [hereinafter April Order].) The Court will, therefore, dismiss Anderson's appeal for failure to comply with the rules of bankruptcy procedure without further opportunity to cure those failures.

Even if Anderson paid the appeal fee or filed for *in forma pauperis* status, the Court would affirm the bankruptcy court's order. The bankruptcy court determined that at least one of the putative creditors, including "Eldon P. Anderson" was attempting to assert a claim against **himself**, "Eldon Phillip Anderson." (*See id.*; Bankr. Ct. Order, Mar. 20, 2013, Docket No. 5-1.) Due to its concerns about identity of the creditors and debtor, the bankruptcy court called a hearing. No person or party appeared at the hearing.

---

[1] In addition, Anderson has not filed a statement of issues. *See* Fed. R. Bankr. P. 8006 (requiring the appellant to serve a statement of the issues within fourteen days after filing the notice of appeal). Moreover, at the Bankruptcy Court, Anderson did not demonstrate that he had served summons and the involuntary petition that a creditor must serve on the debtor. (*See* Bankr. Ct. Order, Mar. 20, 2013, Docket No. 5-1.)

(*See* April Order at 1.) Consequently, the bankruptcy court dismissed the case as an abuse of the bankruptcy process. (*Id.*) Anderson objected to the April Order and filed a motion for clarification of the April Order. In its May Order, the bankruptcy court addressed Anderson's contentions that the hearing by the bankruptcy court was improper and that the court interfered in an uncontested matter. The court reiterated its concerns about the identity of the creditor and debtor that caused it to set a hearing and noted that it was not the court's obligation to ensure that Anderson, a federal prisoner, be able to attend the hearing. Given the case's "anomalous form and posture," the bankruptcy court affirmed its decision to dismiss the case. (May Order at 3.)

The Court finds that the bankruptcy court did not err in dismissing the case because it had legitimate concerns that Anderson filed the petition in bad faith and was abusing the bankruptcy process, and Anderson failed to convince the bankruptcy court otherwise. *See Marrama v. Citizen Bank of Mass.*, 549 U.S. 365, 375 (2007) (recognizing bankruptcy courts' "broad authority . . . to take any action that is necessary or appropriate to prevent an abuse of process" (internal quotation marks omitted)).

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Notice of Appeal from United States Bankruptcy Court filed by Eldon Phillip Anderson [Docket No. 1] is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 13, 2013  
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
United States District Judge